```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                         JACKSON DIVISION
```

BRIAN MOORE                                                    PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:08CV573TSL-FKB

DELBERT HOSEMAN, IN HIS
OFFICIAL CAPACITY AS
MISSISSIPPI SECRETARY OF STATE                                DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Plaintiff Brian Moore filed in this cause a motion to lift stay and grant summary judgment. Defendant Delbert Hoseman, Mississippi Secretary of State, responded in opposition to the motion and filed his own motion to dismiss. The court has considered the parties' respective motions, and responses thereto, and concludes that defendant's motion to dismiss should be granted.

In 2008, plaintiff Brian Moore, having been nominated by the Natural Law Party as its presidential candidate, sought to qualify to run in Mississippi by submitting his qualifying papers with the Mississippi Secretary of State's office, but he arrived a few minutes after 5:00 p.m. on the last day to qualify. The Secretary of State, contending his petition was not timely submitted, refused to put his name on the ballot, which prompted the present lawsuit.

The version of Mississippi Code Section 23-15-785(2) in effect in 2008 required that a presidential candidate's qualifying papers be filed with the office of the Secretary of State not less than sixty days prior to the November general election, but the statute did not specify a time of day by which such papers were required to be filed. In this lawsuit, plaintiff contended that since the statute established a date, but not a time, for filing qualifying papers, then under the statute, candidates had until midnight on the date of the filing deadline to file their papers with the Secretary of State's office, and that the Secretary of State's decision to close his office at 5:00 p.m., when such a time was not explicitly set forth in the statute, was a usurpation of the Mississippi Legislature's authority to direct the manner of appointment of presidential electors under Art. II, § 1, cl. 2 of the United States Constitution. The complaint sought an order enjoining defendant to place plaintiff's name on the November 2008 presidential ballot.

By memorandum opinion and order dated March 10, 2009, this court held that since the 2008 election was over, plaintiff's claim had become moot and he no longer had standing to pursue his claim. On appeal, the Fifth Circuit reversed, finding that while the 2008 election was over, the case was not moot because the 5:00 p.m. deadline would be enforced again in September 2012. See Moore v. Hosemann, 591 F.3d 741, 744-45 (5th Cir. 2009). However,

2

the Fifth Circuit declined to reach the merits of the claim, and remanding, suggesting that this court should likewise refrain from reaching the merits, on the basis of Pullman abstention. See Moore v. Hoseman, No. 09-60272 (5th Cir. Dec. 18, 2009)(urging the district court on remand "to consider whether to abstain on the basis of Railroad Commission v. Pullman Co., 312 U.S. 496, 61 S. Ct. 643, 85 L. Ed. 971 (1941), and stating that "Pullman abstention is appropriate here" since "the existence of a federal constitutional question is entirely contingent on an unresolved interpretation of Mississippi law").

On February 8, 2010, after the case was remanded, this court entered an order staying this case on the basis of Pullman abstention, and directed that the case would remain stayed "until such time as plaintiff files a motion to lift the stay, indicating therein that the Mississippi courts have resolved the state law issue." The following month, the Mississippi Legislature amended § 23-15-785(2) to provide that presidential qualifying petitions must be filed by 5:00 p.m. on the sixtieth day before the general election.

Plaintiff has moved to lift the stay and grant summary judgment, reasoning that Pullman abstention is no longer necessary since it is clear from the fact that the Mississippi Legislature has now amended the statute to impose a 5:00 p.m. deadline that the statute, prior to the amendment, did not impose a 5:00 p.m.

3

deadline, and that the amendment thus "conclusively proves that Plaintiff's understanding was correct." Defendant, on the other hand, argues that the amendment clarifies the statute and moots both plaintiff's constitutional challenge and any question regarding Pullman abstention. The court agrees that in light of the state legislature's amendment of § 23-15-785(2) to expressly provide a 5:00 p.m. deadline for filing presidential candidate qualifying papers, plaintiff's constitutional challenge in this cause to the Secretary of State's decision to enforce a 5:00 p.m. deadline for filing presidential qualifying petitions has become moot. This also moots the basis for the court's abstention order under Pullman.

In reaching this conclusion, the court is aware, as plaintiff points out, that "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot." United States v. W.T. Grant Co., 345 U.S. 629, 632, 73 S. Ct. 894, 97 L. Ed. 1303 (1953). However, a case does become moot "if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc., 528 U.S. 167, 189, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000)). In the court's opinion, in light of the amendment to the subject statute, the Secretary of State's closure of his office at 5:00 p.m. in September 2012 will

4

be consistent with the legislature's direction for the manner of appointment of presidential electors, and the allegedly wrongful behavior of an "unauthorized" 5:00 p.m. deadline cannot reasonably be expected to recur.  In short, since the alleged constitutional defect is remedied by legislative changes to the governing statute, plaintiff's claim is now clearly moot, as it is no longer capable of repetition.

Accordingly, it is ordered that plaintiff's motion to lift the stay previously entered in this cause is granted, and it is further ordered that defendant's motion to dismiss is granted, and that plaintiff's motion for summary judgment is denied.

A separate judgment will be entered in this cause pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 12th day of August, 2010.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE